## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSHUA M. LIDDELL,             )
                                     )
            **Petitioner/Defendant,**    )
                                     )    **CIVIL NO. 10-cv-131-JPG**
vs.                               )
                                     )    **CRIMINAL NO. 06-cr-40008**
UNITED STATES of AMERICA,    )
                                     )
            **Respondent/Plaintiff.**    )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Petitioner Joshua Liddells's motion for relief pursuant to 28 U.S.C. § 2255.  Liddell seeks leave to proceed *in forma pauperis* (Doc. 2), and the Court finds that he is indigent.  Therefore, the motion to proceed *in forma pauperis* is **GRANTED**.

Liddell also seeks appointment of counsel in this matter (Doc. 3).  A section 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  *See also Powell v. Davis*, 415 F.3d 722. 727 (7th Cir. 2005); *Pitsonbarger v. Gramley*, 141 F.3d 728, 737 (7th Cir. 1998); *Oliver v. United States*, 961 F.2d 1339 (7th Cir. 1992); *Rauter v. United States*, 871 F.2d 693 (7th Cir. 1989). Rule 8(c) of the Rules Governing Section 2255 Proceedings, however, allows for appointment of counsel for indigent prisoners if an evidentiary hearing is required. *See* 18 U.S.C. § 3006A(a)(2)(B); FED. R. § 2255 Cases 8(c).  At this time, an evidentiary hearing is not warranted, and thus the motion for appointment of counsel is **DENIED**, without prejudice.

Liddell entered an open plea of guilty to two counts involving the districtuion of crack

cocaine. On September 14, 2006, Liddell initially was sentenced to 120 months imprisonment, three years supervised release, a fine of $200, and a special assessment of $200. Following the Government's appeal, Liddell's sentence was vacated. The Seventh Circuit held that Liddell should have been sentenced as a career offender, so the case was remanded for resentencing. *United States v. Liddell*, 492 F.3d 920 (7th Cir. 2007). On September 20, 2007, Liddell was resentenced to 240 months imprisonment, eight years supervised release, a fine of $200, and a special assessment of $200. Liddell appealed, but his sentence was affirmed. *United States v. Liddell*, 349 Fed.Appx. 107 (7th Cir. 2009). Subsequently, Liddell filed the instant motion under § 2255.

In his motion, Liddell argues that counsel was ineffective in failing to argue the sentence disparity between crack and powder cocaine, and failing to argue that he should have been sentenced below the guidelines range. Liddell also claims that he has pursued ongoing rehabilitation in a faith-based program while incarcerated, although he does not offer any argument as to why this fact is relevant to his imposed sentence.

The Court **ORDERS** the Government to file a response to Liddell's motion within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

**Dated: August 3, 2010.**

         **s/ J. Phil Gilbert**
         **U. S. District Judge**