IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSHUA M. LIDDELL,

              Petitioner/Defendant,

    v.

UNITED STATES OF AMERICA,

              Respondent/Plaintiff.

Civil Case No. 3:10-cv-00131-JPG
Criminal Case  4:06-cr-40008-JPG

## MEMORANDUM & ORDER

This matter comes before the Court on petitioner Joshua Liddell's §2255 motion (Doc. 1). The respondent United States has filed a response in which it opposes Liddell's motion (Doc. 9).

### Procedural History

Liddell pled guilty on May 4, 2006 to both counts in the Indictment against him. Count I charged Liddell with knowingly and intentionally possessing five grams or more of a mixture or substance containing cocaine base ("crack cocaine") with the intent to distribute in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B) on November 22, 2005. Count II charged Liddell with the same conduct occurring on May 9, 2003. On September 14, 2006, this Court held the sentencing hearing in which it found pending state felony charges did not make Liddell a career offender. It then sentenced him to 120 months imprisonment, five years supervised release, $200.00 special assessment, and a $200.00 fine. The government subsequently appealed the career offender finding to the United States Court of Appeals for the Seventh Circuit which

found Liddell to be a career offender and remanded the case for resentencing. *United States v. Liddell*, 492 F.3d 920 (7th Cir. 2007).

This Court then sentenced Liddell using the career offender guidelines USSG 4B1.1 to a below-guideline sentence of 240 months imprisonment on Count I, 87 months imprisonment on Count II to run concurrently with Count I, and eight years supervised release (the fines remained the same). Liddell then appealed the sentence to the Seventh Circuit and the sentence for Count I was affirmed but the sentence for Count II was remanded. *United States v. Liddell*, 543 F.3d 877 (7th Cir. 2008) (hereinafter *Liddell (II)*), *cert. denied*, *Liddell v. United States*, No. 08-9853, 129 S.Ct. 2747 (2009). On remand on Count II, the Court sentenced Liddell to 60 months to run concurrently. This sentence was subsequently affirmed. *United States v. Liddell*, Case No. 07-3373, 349 Fed. Appx. 107 (7th Cir. Oct. 19, 2009). Liddell filed the present petition within the one year statute of limitations on February 18, 2010.

Liddell's petition is not accompanied by an affidavit or memorandum. The Court however interprets his § 2255 to be asserting a claim for ineffective assistance of counsel. In support of this claim, Liddell argues his counsel was ineffective for failing to preserve the issue of the effect of the crack/powder disparity on career offender guidelines for appellate review. On review, the Seventh Circuit reviewed for plain error whether a district court can consider the crack/powder disparity as a reason for issuing a below-guideline sentence under the career offender guidelines. *Liddell (*II), 543 F.3d at 883. Had this argument been made to the district court, the Seventh Circuit would have reviewed the issue *de novo* which Liddell believes would have secured him a favorable outcome. *Id.;* (Doc. 1). The Seventh Circuit concluded its discussion by stating "none of this helps this particular defendant because any error here wasn't "plain." *Id* at 885. He also describes his ongoing rehabilitation while incarcerated where he has

completed a Life Connection Program. The Government responded to Liddell's § 2255 and argued Liddell's counsel was not ineffective because counsel cannot be required to anticipate changes in the law and that rehabilitation programs may not be considered in a § 2255 petition. (Doc. 9).

## Analysis

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

A § 2255 motion does not substitute for a direct appeal. A defendant cannot raise constitutional issues in a § 2255 motion that he could have but did not raise in a direct appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000). Further, a defendant cannot raise non-constitutional issues in a § 2255 motion that he

failed to raise on direct appeal regardless of cause and prejudice. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000).

A § 2255 motion is not a second chance at a successful appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Applying the "law of the case" doctrine, the Court may refuse to consider issues in a § 2255 motion that a defendant raised on direct appeal where there are no changed circumstances of fact or law. *Id.*; *Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005); *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992).

I. Ineffective Assistance of Counsel

1. Standard

The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro*, 538 U.S. at 504-05; *Fountain*, 211 F.3d 433-34. In addition, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from counsel's performance. *Massaro*, 538 U.S. at 504-05. For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition. The Supreme Court has held that ineffective assistance of counsel may be raised for the first time in a § 2255 motion even if the alleged conduct is fully reflected in the record and if the defendant had new counsel on appeal. *Massaro*, 538 U.S. at 504.

"The right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970). The standard for determining whether counsel is effective is whether the performance was reasonable. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The Supreme Court has developed a two-pronged approach to determine the effectiveness of counsel. *See id.* The first prong requires a petitioner to establish that counsel performed unreasonably and made errors that were so serious, the petitioner did not have the counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. To satisfy the second prong, the petitioner must demonstrate he was prejudiced by the seriously deficient performance of counsel. *Id.* The Court is also required to consider the totality of the circumstances surrounding counsel's representation. *Id.* Finally, to prevail on a claim of ineffective counsel, a petitioner must satisfy both prongs. *Ebbola v. United States,* 8 F.3d 530, 533 (7th Cir. 1993).

Under the first prong, the performance must have fallen "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Further, in the Court's analysis of counsel's effectiveness, it is to employ a strong presumption counsel's performance was reasonable. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. The analysis is to examine counsel's performance as a whole. *Valenzuela v. United States,* 261 F.3d 694, 698-699 (7th Cir. 2001).

With respect to the second prong, prejudice, the petitioner must "be able to demonstrate that the complained of deficiency resulted in ... [a] 'reasonable probability' that in the absence of error the result of the proceedings would have been different, and [that the proceeding] was fundamentally unfair or unreliable." *Valenzuela,* 261 F.3d at 699 (citing *Williams v. Washington,* 59 F.3d 673, 682 (7th Cir.1995)). The petitioner must show there is a "reasonable probability"

that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" is a probability sufficient to undermine the confidence in the outcome. *Id.* This second prong does not solely focus on the outcome; rather, counsel's deficient representation must have rendered the result fundamentally unfair or unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

Examples of deficient or ineffective counsel include a defense counsel who stipulated that a fingerprint on a showerhead belonged to defendant and did not counter prosecution's testimony regarding age and position of print and position and character of blood samples found in the apartment. *Siehl v. Grace*, 561 F.3d 189 (3d Cir. 2009). Thus, in the prosecution for first degree murder, counsel effectively admitted the defendant was the murderer. *Id.* In *McAfee*, the Fifth Circuit found defense counsel's performance at a hearing on the defendant's motion for new trial was deficient. *McAfee v. Thaler*, 630 F.3d 383 (5th Cir. 2011). The counsel failed to call witnesses or otherwise assist the defendant during the motion hearing and actually interrupted the defendant's testimony, accused the defendant of lying, undermined the merits of the motion, and acted adversely to the interests of the defendant. *Id.* Similarly, a defense lawyer who slept through "not insubstantial" portions of the capital murder trial was found to be ineffective. *Burdine v. Johnson*, 262 F.3d 336 (5th Cir. 2001). The Seventh Circuit has found ineffective counsel in a § 2255 case when counsel failed to litigate a Fourth Amendment defense. *Owens v. United States*, 387 F.3d 607 (7th Cir. 2004).

2. Analysis

The first prong of *Strickland* examines whether counsel's performance was reasonable. *Strickland,* 466 U.S. at 688. Liddell contends his counsel was ineffective for failing to make a nuanced argument based upon an undecided case (*Kimbrough)* to the district court. Liddell

believes his counsel's failure to make this particular argument caused him to lose on appeal. Because the Seventh Circuit stated ""none of this helps this particular defendant because any error here wasn't 'plain,'" Liddell appears to believe upon *de novo* review, the Seventh Circuit would have decided in his favor. *Liddell* (II), 543 F.3d at 885.

In *United States v. Kimbrough,* the Supreme Court held a district court may consider that the sentencing guidelines' crack cocaine/powder cocaine disparity yields sentences greater than necessary and may thus depart from the guidelines based upon that consideration. 552 U.S. 85, 106-10 (2007). *Kimbrough* was decided on December 10, 2007, several months <u>after</u> Liddell's counsel addressed the district court during his sentencing hearing. As soon as *Kimbrough* was decided, however, counsel's reply appellate brief (submitted just eighteen days after *Kimbrough* was decided) included it.[1] Further, her oral argument to the Seventh Circuit focused on *Kimbrough*. (*See* Seventh Circuit Court of Appeals Oral Argument Recordings, Case No. 07-3373, *available at* http://www.ca7.uscourts.gov/fdocs/docs.fwx). Counsel's discussion of *Kimbrough* argued the new case gave discretion to district courts to consider the crack/powder disparity as a reason to sentence below the career offender guidelines (under which Liddell was sentenced for Count I), thus arguing for what was seen as extension of *Kimbrough*. *See Liddell*, 543 F.3d at 883.

Although the issue was not raised at the district court level, *Kimbrough* had not been decided at that time and "the Sixth Amendment does not require counsel to forecast changes or advances in the law." *Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993); *see also United States v. Smith*, 241 F.3d 546, 548 (7th Cir. 2001) (stating "nor does he contend that counsel was

---

[1] The parties also submitted supplemental memoranda on *Kimbrough* and stipulated to a limited remand on Count II. *Liddell* 543 F.3d at 881.

ineffective for failure to anticipate *Apprendi*; no such argument would be tenable"). The Court notes the case law surrounding the effect of *Kimbrough* on the career offender guidelines is still unsettled. Following its opinion in *Liddell*, the Seventh Circuit overruled its discussion in *Liddell* through *United States v. Welton*, 583 F.3d 494 (7th Cir. 2009). One year later, the Seventh Circuit overruled *Welton* "to the extent it holds that § 4B1.1 differs from other guidelines" and overruled the cases it relied upon in reaching the conclusion in *Welton*. *United States v. Corner*, 598 F.3d 411, 416 (7th Cir. 2010).

Liddell's counsel's apparent course of action, to make the strongest arguments available at the time and to adjust course accordingly as new decisions became available is not unreasonable. This is especially true taking into account how unsettled the law is relating to *Kimbrough* four years later, let alone at the time Liddell's counsel was arguing to the district court, before *Kimbrough* was even decided. The record for Liddell's criminal case does not contain any potential fodder for a claim of ineffective assistance of counsel. Instead, Liddell's counsel successfully obtained a minimum guideline sentence during the first sentencing, obtained a below-guideline sentence after the second sentencing, and then appealed the case to the Seventh Circuit Court of Appeals where counsel secured a lower sentence as to Count II. These are not the actions of ineffective counsel. Rather, Liddell's counsel consistently and effectively argued for a sentence below the guideline range.

The Court is required to examine counsel's performance as a whole. *Valenzuela,* 261 F.3d at 699. The Court cannot speculate whether the outcome in the Seventh Circuit for Liddell would have been different upon a *de novo* review of the *Kimbrough* issue, but it can conclusively state his counsel's performance was not "deficient" or "unreasonable" as required by law for

ineffective assistance of counsel.[2] *See Strickland*, 466 U.S. at 688; *Valenzuela,* 261 F.3d at 698-699. Counsel's actions simply do not rise to the level of "professional misconduct" or deficiency. *See Strickland*, 466 U.S. at 688-89; *see also Burdine*, 262 F.3d 336 (finding counsel was ineffective for sleeping through trial); *Garcia v. United States,* 278 F.3d 134 (2d Cir. 2002) (finding counsel ineffective for advising defendant an appeal was not possible when it was); *Jones v. United States*, 224 F.3d 1251 (11th Cir. 2000) (finding counsel ineffective for failing to move to suppress wiretaps that did not have a legal basis).

As such, the Court finds that Liddell failed to satisfy the first prong required by *Strickland*. Because the Court finds Liddell fails to prove his counsel's performance was unreasonable and Liddell is required to prove both prongs, the Court does not find it necessary to examine whether Liddell was prejudiced by his counsel's performance.

## II. Rehabilitation & Treatment

Liddell also contends that because he has successfully participated in rehabilitation programs, his sentence should be reduced. There is no basis for this argument in the law. The Court may only modify a sentence at resentencing, upon a successful § 2255 petition, or under 18 U.S.C. § 3582. *Eaves v. United States of America*, 2010 WL 3283018 (E.D. Tenn. August 17, 2010). § 2255 petitions are narrowly tailored to claims which assert the sentence was imposed in violation of the Constitution or laws of the United States, the Court was without jurisdiction to sentence, or the sentence was longer than that authorized by law. 28 U.S.C. § 2255. As successful completion of a rehabilitation program does not fall into any of these categories, the Court may not consider these arguments in a § 2255 petition.

---

[2] The Court is in receipt of a letter drafted by Liddell's counsel to the government (Doc. 9-1, Ex. C) in which counsel states she was ineffective in not preserving the issue properly for appeal. In spite of counsel's statement, the Court simply cannot find a rational basis for finding counsel's representation as a whole was ineffective. The standard for ineffective counsel is an objective one and her actions simply do not rise to it.

III. Hearing

The Court need only hold an evidentiary hearing when the § 2255 motion is accompanied by "a detailed and specific affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions." *Barry v. United States*, 528 F.2d 1094, 1101 (7th Cir. 1976) (footnote omitted); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009)( holding court should grant hearing where petitioner alleges facts that would entitle him to relief); *Hall v. United States*, 371 F.3d 969, 972 (7th Cir. 2004). Arguments that rely on "vague, conclusory, or palpably incredible" allegations do not require a hearing. *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001) (internal quotations omitted). Furthermore, "mere unsupported allegations cannot sustain a petitioner's request for a hearing." *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir. 1989).

The principles governing the situation before the Court are well-established. A district court need not grant an evidentiary hearing in all § 2255 cases. Such a hearing is not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Menzer v. United States*, 200 F.3d 1000, 1006 (7th Cir. 2000). In addition, a hearing is not necessary if the petitioner makes allegations that are "vague, conclusory, or palpably incredible," rather than "detailed and specific." *Machibroda v. United States*, 368 U.S. 487, 495 (1962). A district court, however, must grant an evidentiary hearing if the petitioner "alleges facts that, if proven, would entitle him to relief." *Stoia v. United States,* 22 F.3d 766, 768 (7th Cir.1994).

As previously stated, Liddell has not provided an affidavit or memorandum in support of his § 2255. Liddell has not presented any actual proof or factual allegations that would entitle him to relief. *See Bruce,* 256 F.3d at 597. Further, as presented above, the law governing

Liddell's claim is well-established. *See Menzer*, 100 F.3d at 1006. The Court does not see how a hearing could possibly bring forth any facts which would entitle Liddell to relief. As such, the Court denies a hearing on Liddell's § 2255 petition.

**IV. Conclusion**

For the foregoing reasons, the Court **DENIES** Liddell's § 2255 petition (Doc. 1).

**IT IS SO ORDERED.**
**DATED:** February 9, 2012

s./ J. Phil Gilbert___
**J. PHIL GILBERT**
**DISTRICT JUDGE**
